UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHELE MASTROLILLO,                                              No._____ Civ. _____  (___)(___)

       Plaintiff,

      - against –                                                         **COMPLAINT**

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.  and THE CITY OF NEW                              **PLAINTIFFS DEMAND**
YORK,                                                             **A TRIAL BY JURY**

       Defendants.
-------------------------------------------------------------------x

Plaintiff MICHELE MASTROLILLO, by her attorneys MCCARTHY & KELLY LLP, hereby state and allege the following upon information and belief:

## THE PARTIES

1.    Plaintiff MICHELE MASTROLILLO was and is an individual, a citizen of the United States and a resident of the State of Connecticut, residing at 10 King Arthur Drive, Niantic, CT 06357

2.    Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. was and still is a domestic corporation duly organized and existing under and pursuant to the laws of the State of New York.

3.    Defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

4.    Prior to the commencement of this action plaintiffs duly filed with the CITY a Verified Notice of Claim setting forth the time when and place where the accident which is the

subject of this lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed.

5. Such claim was presented within ninety (90) days after the cause of action herein occurred.

6. More than thirty (30) days have elapsed since such presentation of said claims, and defendant CITY has not adjusted the same and has failed and neglected to make any payment of such claim and cause of action.

7. This action is commenced within one year and ninety days after the date of the occurrence.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 and 1441 as the plaintiff is a citizen of the State of Connecticut and the defendants are citizens of the State of New York and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

9. Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. Section 1391 because plaintiffs' claims arise in the Southern District of New York and because defendants are subject to personal jurisdiction in the Southern District of New York.

## FIRST CAUSE OF ACTION

10. Plaintiff repeats, reasserts and realleges each and every one of the allegations contained in the preceding paragraphs as set forth herein.

11. At all times hereinafter mentioned, defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC was a domestic corporation duly organized and existing pursuant to the laws of the State of New York.

12. On Sunday, October 1, 2017 at approximately 12:30 P.M plaintiff Michele Mastrolillo was a pedestrian lawfully present on the premises located at Northern crosswalk of Mercer Street where it intersects West 3rd Street in Manhattan the County of New York in the City and State of New York.  (Hereinafter referred to as the "Premises")

13. At all times mentioned herein, one or both of the defendants owned the Premises.

14. At all times mentioned herein, one or both of the defendants maintained the Premises.

15. At all times mentioned herein, one or both of the defendants operated the Premises.

16. At the aforementioned time and place, plaintiff MICHELE MASTROLILLO was caused to trip, fall and/or was violently precipitated to the ground on or around the Premises, by reason of a dangerous and/or defective condition existing at the Premises.

17. The aforementioned occurred as a result of the negligence, carelessness and recklessness of defendants, their agents, servants and/or employees in the ownership, operation, management, control, construction, design, repair and maintenance of the aforementioned Premises.

18. One or both of the defendants created this dangerous and defective condition; knew of the dangerous and defective condition; or in the exercise of due care should have known of the dangerous and defective condition.

19. Defendants knew that the plaintiff, as a pedestrian walking at the Premises, would be exposed to the dangerous and defective condition.

20. As a result of the aforementioned, plaintiff sustained severe and serious permanent personal injuries, incurred medical expenses and sustained other consequential damages.

21. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

22. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

23. This action is commenced within one year and ninety days after the date of the occurrence.

24. Plaintiff demands a trial by jury on all issues.

WHEREFORE, plaintiff demand judgment against the defendants, and each of them, in amounts which exceed the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, in such sums as may be determined by the trier of the facts herein, together with the costs and disbursements of this action and interest from the date of the verdict to be rendered hereon.

Dated: June 18, 2018
      New York, New York

Respectfully submitted,

McCARTHY & KELLY LLP

By _____

Gerald T. McCarthy
GM 1964
A Member of the Firm
Attorneys for Plaintiff
52 Duane Street, 7th Floor
New York, New York 10007
212-732-6408

TO:

Consolidated Edison Company
of New York Inc
4 Irving Place
RM 1618-S
New York, New York, 10003

Zachary W. Carter, Esq.
Corporate Counsel
NYC Department of Law
100 Church Street
New York, New York 10007